DONNA BERVINCHAK;                   :
KENNETH REISIG; and                 :
ROSE LINKENS,                       :
         Plaintiffs,                :
                                    :
         v.                         :     No. 5:20-cv-05421
                                    :
EAST HEMPFIELD TOWNSHIP;            :
BOARD OF SUPERVISORS;               :
H. SCOTT RUSSELL;                   :
W. SCOTT WIGLESWORTH;               :
THOMAS A. BENNETT;                  :
ANDREW C. WEAVER; and               :
G. EDWARD LEFEVERE,                 :
         Defendants.                :

**O P I N I O N**
**Defendant's Motion to Dismiss, ECF No. 5 - Granted**

**Joseph F. Leeson, Jr.**                                **June 21, 2021**
**United States District Judge**

## I.    INTRODUCTION

Pro se Plaintiffs Donna Bervinchak, Kenneth Reisig, and Rose Linkens allege civil rights

violations in connection with the passage of a Wireless Facilities Ordinance in East Hempfield

Township.  Defendants have moved to dismiss the Complaint for failing to conform with the

pleading requirements in Rule 8 and for failing to state a claim.  For the reasons set forth below,

the Motion to Dismiss is granted.

## II.   BACKGROUND

Plaintiffs initiated this action in the Court of Common Pleas of Lancaster County,

Pennsylvania against East Hempfield Township, the Board of Supervisors, and five named

individuals.  The Complaint does not clearly identify the individual defendants as being members

of the Board of Supervisors; however, their positions can be inferred from the allegations and the exhibits attached to the Complaint. *See, e.g.* Am. Compl., Ex. 10, ECF No. 1. Defendants removed the case to this court based on federal question jurisdiction.

The Complaint, which is being liberally construed, alleges that the Defendants colluded to violate Plaintiffs'[1] civil rights in connection with the passage of a local Wireless Facilities Ordinance ("WFO") in light of the "serious adverse health effects from microwave radiation and the harm and financial loss" Plaintiffs will experience from exposure. *See* Am. Compl. 1, 6. Plaintiffs allege they were not allowed to present any arguments about the health implications from exposure to the radiation transmitted by such cell antennas at the July 15, 2020 hearing. *See id.* 2, 7. On that day, the East Hempfield Township Board of Supervisors enacted the WFO. *See id.* 7. Plaintiffs claim Defendants have violated and/or the WFO violates: (1) Article I, Section 8 and the Fourth, Seventh, Ninth,[2] and Tenth Amendments of the federal Constitution; (2) Article I, Section 1 of the Pennsylvania Constitution; (3) the oath of office for elected officials; (4) the provision: "to promote the safety of life and property" in the 1934 Communications Act, the 1996 Telecommunications Act, and the U.S. Federal Communications Commission's ("FCC") purpose; (5) "building codes;" (6) the National Historic Preservation Act; and (7) federal judiciary rulings regarding the National Environmental Policy Act and Title II regulation. *See id.* 16-17, 19. *See id.* 20-21.

Defendants have moved to dismiss the Complaint pursuant to Rule 12(b)(6). They assert that the Complaint is not "simple, concise, and direct;" that Plaintiffs lack standing to bring any

---

[1]     The Complaint specifically refers to Defendants' actions as being taken against "we the people." In the context of the litigation, "we the people" is limited to Plaintiffs as they do not have the authority to bring this action on behalf of any other persons.

[2]     On page 16 of the Complaint, Plaintiffs allege a violation of the Seventh Amendment, but on page 19 they allege, instead, a violation of the Ninth Amendment. *See* Compl. 16, 19.

claims because there are no allegations of an injury in fact; that the Complaint fails to state a

claim under the Fourth, Seventh, and Tenth Amendments of the federal Constitution; that no

private cause of action exists under the Pennsylvania Constitution; and that there are insufficient

allegations to show how Defendants violated the Telecommunications Act, federal judiciary

rulings, the National Historic Preservation Act, and unspecified building codes.[3]  *See* Mot., ECF

No. 5.  Plaintiffs' response to the Motion is difficult to follow.[4]  *See* Resp., ECF No. 11.

---

[3]     Although Defendants briefly state that they were never properly served, they did not
move to dismiss on this ground, nor do they contest personal jurisdiction.  *See* Mot. 1; Not.
Removal, ECF No. 1-6.  Any possible defense regarding insufficient service has therefore been
waived.  *See* Fed. R. Civ. P. 12(h) (outlining the circumstances under which a party waives any
defense listed in Rule 12(b)(2)–(5)).  Additionally, although Defendants assert in the Motion to
Dismiss that the Complaint does not properly plead a *Monell* claim, this argument is not
presented in the supporting brief.  Regardless, the allegations are sufficient in this regard.  *See*
*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Torres v. City of Allentown*, No. 07-
1934, 2008 U.S. Dist. LEXIS 50522, at *10-11 (E.D. Pa. June 30, 2008) ("A municipal policy,
for purposes of Section 1983, is a statement, ordinance, regulation, or decision officially adopted
and promulgated by a government body's officers.").

[4]     The "Notice of Response" states:
> we, say we, do not accept any titles at this time such as plaintiffs and pro se; and
> we, say we, are  not part of the legal society and we, are not part of the bar
> association;
> we, say when we, did believe the legal society could bring remedy to this matter
> we, did fill out legal forms and that is why we, did argue with legal acts, codes and
> statues;
> with that said, we, wish to correct the record and we, say we, operate as woman,
> and as man, from this moment to the present moment, and we, wish for our rights
> as woman, and as man, to be upheld; we, say the United States Constitution secures
> our rights; and we, do not wish to use any legal acts, codes or statues [sic] and we,
> do not diminish this case to that of a complaint as this is a claim;
> we say we, wish and require a trial by jury to render a verdict upon the facts and
> evidence we, present so our rights can be upheld as we do not wish to be at the
> mercy of one man's decision; we, believe those of mankind that reside at Lancaster
> county can act as a trial by jury perfectly fine and that the man: Thomas Sponaugle
> can carry out his duties honorably as a Judge; with that said we wish to continue
> our case at the Court of Common Pleas of Lancaster County, Pennsylvania;
> wherefore we, wish for a Hearing to be scheduled post haste to hear if it is the intent
> of the men H. Scott Russell, and W. Scott Wiglesworth, and Thomas A. Bennett,
> and Andrew C. Weaver, and G. Edward Lefevere to provide remedy to the claim
> that is before the court or to set a date for a trial by jury. . .

Although the exhibits[5] attached thereto consisting of the affidavits/statements of Plaintiffs are more responsive to the arguments in the Motion to Dismiss, they do little more than repeat the Complaint's allegations and cite the various laws under which Plaintiffs seek relief.

## III.     LEGAL STANDARDS

### A.     Motion to Dismiss under Rule 12(b)(6) – Applicable Law

In rendering a decision on a motion to dismiss, this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *See Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

---

Resp. 2-3.

[5]     In explicably, the exhibits are labeled Exhibits J, K, L, M, and N.

**B.      Federal Pleading Rules – Applicable Law**

The Federal Rules dictate: a "pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).  "Each allegation must be simple, concise, and direct."  Fed. R. Civ. P.

8(d)(1).  Taken together, these Rules "underscore the emphasis placed on clarity and brevity by

the federal pleading rules."  *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996).  "A

party must state its claims or defenses in numbered paragraphs, each limited as far as practicable

to a single set of circumstances" and each claim founded on a separate transaction or occurrence

. . . must be stated in a separate count or defense."  Fed. R. Civ. P. 10(b).

**C.      Pro-Se Pleadings – Applicable Law**

Generally, a "pro se complaint, however inartfully pleaded, must be held to less stringent

standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

(internal citations omitted).  "However, there are limits to the liberality that may be afforded to

pro se complaints, and such pleadings still must be presented in a fashion that permits a

defendant to understand the nature of the plaintiff's claims, and to respond to the allegations."

*Baylets-Holsinger v. Pa. State Univ.*, No. 4:18-CV-0060, 2018 U.S. Dist. LEXIS 76010, at *40

(M.D. Pa. May 2, 2018).

**D.      Standing – Applicable Law**

"Article III, of course, gives the federal courts jurisdiction over only 'cases and

controversies,' and the doctrine of standing serves to identify those disputes which are

appropriately resolved through the judicial process."  *Whitmore v. Arkansas*, 495 U.S. 149, 154-

55 (1990). The "'irreducible constitutional minimum' of standing consists of three elements:" the "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).[6] "The complainant must allege an injury to himself that is 'distinct and palpable,' as opposed to merely '[a]bstract,' and the alleged harm must be actual or imminent, not 'conjectural' or 'hypothetical.'" *Whitmore*, 495 U.S. at 155 (internal citations omitted).

E.      **Fourth Amendment – Applicable Law**

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. Amend. IV. "The basic purpose of this Amendment, as recognized in countless decisions of this Court, is to safeguard the privacy and security of individuals against arbitrary invasions by governmental officials." *Camara v. Mun. Court of S.F.*, 387 U.S. 523, 528 (1967). "The Amendment establishes a simple baseline, one that for much of our history formed the exclusive basis for its protections: When 'the Government obtains information by physically intruding' on persons, houses, papers, or effects, 'a 'search' within the original meaning of the Fourth Amendment has 'undoubtedly occurred.'" *Florida v. Jardines*, 569 U.S. 1, 5 (2013) (quoting *United States v. Jones*, 565 U.S. 400, 406-407, n.3 (2012)). The Supreme "Court's precedents have interpreted the term 'seizure' by consulting the common law of arrest, the 'quintessential'

---

[6]      *See also Free Speech Coal., Inc. v. AG United States*, 825 F.3d 149, 165-66 (3d Cir. 2016) ("Standing to seek injunctive relief requires a plaintiff to show (1) 'that he is under threat of suffering 'injury in fact' that is concrete and particularized'; (2) 'the threat must be actual and imminent, not conjectural or hypothetical'; (3) 'it must be fairly traceable to the challenged action of the defendant'; and (4) 'it must be likely that a favorable judicial decision will prevent or redress the injury.' (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)).

seizure of the person. . . . A seizure requires the use of force with intent to restrain, as opposed to

force applied by accident or for some other purpose." *Torres v. Madrid*, 141 S. Ct. 989, 992

(2021).

**F.      Seventh Amendment – Applicable Law**

The Seventh Amendment states: "In Suits at common law, where the value in controversy

shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a

jury, shall be otherwise re-examined in any Court of the United States, than according to the

rules of the common law." U.S. Const. Amend. VII. "[T]he Seventh Amendment is not

applicable to administrative proceedings." *Tull v. United States*, 481 U.S. 412, 428 n.4 (1987).

**G.      Ninth Amendment – Applicable Law**

The Ninth Amendment provides: "The enumeration in the Constitution, of certain rights,

shall not be construed to deny or disparage others retained by the people." U.S. Const. Amend.

IX. "The amendment is viewed as a restraint on the federal government from acting to expand

its powers on rights not listed in the Bill of Rights." *Nicolette v. Caruso*, 315 F. Supp. 2d 710,

718 (W.D. Pa. 2003). Because it "does not contain within itself any guarantee of a right or a

proscription of an infringement, . . . the Ninth Amendment standing alone does not confer

substantive rights for purposes of pursuing a constitutional claim." *Id.* (dismissing the plaintiff's

claim under the Ninth Amendment).

**H.      Tenth Amendment – Applicable Law**

The Tenth Amendment states: "The powers not delegated to the United States by the

Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the

people." U.S. Const. Amend. X. The Tenth Amendment "'has never been recognized as

independently securing' any substantive constitutional rights cognizable in a § 1983 cause of

action." *Robinson v. Vaughn*, No. 92-7048, 1993 U.S. Dist. LEXIS 15566, at \*21 (E.D. Pa. Nov. 1, 1993) (quoting *Strandberg v. City of Helena*, 791 F.2d 744, 748-49 (9th Cir. 1986)).

## I.      Fourteenth Amendment- Due Process – Applicable Law

The Fourteenth Amendment of the Constitution restricts a state from "depriving persons of life, liberty, or property without due process of law." U.S. Const. Amend. XIV, § 1. To state a claim for deprivation of procedural due process rights, a plaintiff must allege: (1) the deprivation of an individual interest that is protected under the Fourteenth Amendment as "life, liberty, or property:" and (2) the procedure available did not provide "due process of law." *See Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006) (citing *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000)). As to the second element, the "fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). However, procedural due process adapts to the situation at hand and pre-deprivation hearings need not always be held. *See Gilbert v. Homar*, 520 U.S. 924, 930 (1997).

## IV.    ANALYSIS

### A.      The Complaint does not satisfy the federal pleading rules.

The instant Complaint, which is twenty-two pages long and names seven different defendants, does not contain separately numbered paragraphs. The Complaint does not identify any separate counts and, as noted above, is inconsistent as to whether Plaintiffs claim a violation of the Seventh or Ninth Amendment. These deficiencies prevent Defendants from properly responding to the Complaint. *See* Fed. R. Civ. P. 8(b).[7]

---

[7]      Rule 8(b) states that in "responding to a pleading, a party must: (A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations

Plaintiffs attached seventeen exhibits, spanning two hundred and fifteen pages, to the Complaint, but these exhibits do not help to clarify the pleadings. *See Binsack v. Lackawanna Cty. Prison*, 438 F. App'x 158, 160 (3d Cir. 2011) (concluding that the plaintiff's "voluminous exhibits, do not, without the required 'short and plain statement,' communicate the nature of his claim, and would, in any event, be insufficient to satisfy Rule 8(a)"). For example, Exhibit 9 is a ninety-page article written in 2018 by a professor at the Washington State University regarding the effects of EMF exposure, which is unrelated to the WFO. Although some of the exhibits are directly related to this case, such as the Plaintiffs' statements, they do not excuse the failure of the Complaint to contain a "short and plain statement of the claim." *See Gray v. Lagana*, No. 19-4858, 2020 U.S. Dist. LEXIS 11586, at *6-7 (E.D. Pa. Jan. 22, 2020) (explaining that the plaintiff "may not rely solely on voluminous exhibits, rather than factual allegations, to state a claim" and dismissing the amended complaint for not containing a "short and plain statement" (citing *Digenova v. Unite Here Local 274*, 673 F. App'x 258, 260 (3d Cir. 2016) (finding that the documents submitted with the amended complaint did "not contain a 'short and plain statement' of any claim"). Accordingly, the Complaint violates Rules 8 and 10 of the Federal Rules of Civil Procedure and is dismissed. *See Jackson v. Sec'y Pa. Dep't of Corr.*, 438 F. App'x 74, 75 (3d Cir. 2011) (affirming dismissal of the pro se complaint for failing to contain "a short and plain statement" of the claim showing entitlement to relief" because the allegations were not "simple, concise, and direct").

---

asserted against it by an opposing party. . . . A denial must fairly respond to the substance of the allegation."

The Court will nevertheless examine the allegations to determine whether it would be futile to allow an amendment as to any claims and/or to assist the Plaintiffs by identifying any specific deficiencies in any claims dismissed without prejudice.

**B.      Plaintiffs do not state a federal constitutional claim.**

As to the Fourth Amendment claim, the Complaint fails to allege any facts to show Plaintiffs suffered either a "search" or a "seizure," let alone that it was legally "unreasonable." Although this Court seriously doubts that Plaintiffs can make any amendment to the Complaint that could state a claim under the Fourth Amendment, it will nevertheless dismiss this claim without prejudice.[8]

Plaintiffs' Seventh Amendment claim is dismissed with prejudice.  Because Plaintiffs did not have a right to a jury trial before the passage of the WFO, Defendants cannot be said to have violated that right.[9]

To the extent the Complaint intended to bring a claim under the Ninth Amendment, it is dismissed with prejudice because the Ninth Amendment does not confer any substantive rights.

Similarly, the Tenth Amendment does not confer any substantive constitutional rights and is dismissed with prejudice.

Finally, although the Complaint does not specifically identify a claim under the Fourteenth Amendment, Plaintiffs' allegations that they were not allowed to present argument at the July 15, 2020 hearing before the East Hempfield Township Board of Supervisors could be

---

[8]      *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) (holding that "even when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile").

[9]      Defendants' Motion to Dismiss focuses on Plaintiffs' right to a jury trial in the above-captioned action; however, the right to a jury trial in this Court is unrelated to whether Plaintiffs' have already suffered a violation of the Seventh Amendment at the hands of Defendants.

liberally construed as alleging a procedural due process claim.  Regardless, Plaintiffs have not

alleged that they have an interest that is protected under the Fourteenth Amendment as "life,

liberty, or property."  *See Santa Fe All. for Health & Safety v. City of Santa Fe*, No. 18-1209

KG/JHR, 2020 U.S. Dist. LEXIS 80196, at *21 (D.N.M. May 6, 2020) (concluding that the

resident's due process claims that the city did not consider radio frequency emissions from

wireless communications facilities failed as a matter of law because they did not have a protected

constitutional interest); *Abraham v. Town of Huntington*, No. 2:17-cv-03616 (ADS)(SIL), 2018

U.S. Dist. LEXIS 84979, at *19-20, 21-22, 28-29 (E.D.N.Y. May 21, 2018) (same).  The claim,

if any was intended to be asserted, is dismissed without prejudice.

C. **Plaintiffs lack standing, and present insufficient allegations, to state a claim under the Telecommunications Act, the National Historic Preservation Act, and federal judiciary rulings regarding the National Environmental Policy.**

There are no allegations in the Complaint that Plaintiffs suffered a particular, actual

injury from the alleged violations of federal statutes, nor are there any factual allegations that

would support an injury-in-fact.  Plaintiffs' alleged harm is from the passage of the WFO, not

from the construction or existence of any telecommunications facilities built pursuant thereto.

Moreover, Plaintiffs' claim that the WFO violates these federal statutes due to the serious

adverse health effects from microwave radiation emissions from telecommunications facilities is

not cognizable.  *See Farina v. Nokia, Inc.*, 625 F.3d 97, 125 (3d Cir. 2010) (affirming dismissal

of the state-law claims against Nokia for selling cell phones that were allegedly unsafe to use

because of the health risks of RF emissions).  The FCC, not the Plaintiffs, not state law, and not

city officials, decide whether regulations are adequate to protect the public.  *See id.* ("The FCC is

in a better position to monitor and assess the science behind RF radiation than juries in individual

cases.").  Plaintiffs' disagreement with the FCC regulations and complaints that the WFO does

not meet Plaintiffs' chosen health standards do not support a claim for relief. These claims are

dismissed with prejudice.

> **D.** **Plaintiffs' claims for violations of the Pennsylvania Constitution, unspecified building codes, and oaths of office are dismissed with prejudice.**

"[T]here is no private cause of action under Pennsylvania statutory authority or the

Pennsylvania Constitution for violations of civil rights." *Lawson v. City of Phila.*, No. 17-4228,

2018 U.S. Dist. LEXIS 25390, at *16 (E.D. Pa. Feb. 15, 2018). Plaintiffs' claims made pursuant

to the Pennsylvania Constitution are therefore dismissed with prejudice.

Similarly, Pennsylvania's "Building Code does not provide for a private cause of action."

*Adams v. City of Phila.*, 72 A.3d 329 (Pa. Commw. Ct. 2013). There are no allegations that any

communications facilities have been constructed, nor are there any factual allegations to suggest

that Plaintiffs might have a negligence cause of action based on the same. *See id.* (determining

that the "only cause of action supported by the Building Code would be a negligence action," but

that there was no such claim because the plaintiff did not suffer property damage). Any alleged

violations based on building codes are dismissed with prejudice.

Finally, there is no cause of action for violation of an oath of office and this claim is also

dismissed with prejudice. *See DiGianvittorio v. D'Antonio*, No. 96-6781, 1997 U.S. Dist.

LEXIS 216, at *13-14 (E.D. Pa. Jan. 10, 1997) (dismissing the plaintiff's claims for violation or

perjury of oath of office).

> **E.** **Plaintiffs are granted leave to file an amended complaint to reassert a claim under the Fourth and Fourteenth Amendments.**

Out an abundance of caution, Plaintiffs are granted leave to file an amended complaint to

replead a claim under the Fourth and/or Fourteenth Amendments, only. The "amended

complaint must be complete in all respects." *See Young v. Keohane*, 809 F. Supp. 1185, 1198

(M.D. Pa. 1992). It must be a new pleading that stands by itself without reference to the original complaint or to any other briefs, exhibits, or pleadings already filed. *See id.* Plaintiffs may not rely on exhibits attached to the amended complaint to state a claim. The amended complaint must be "simple, concise, and direct" and must contain "a short and plain statement of the claim" showing Plaintiffs' entitlement to the relief. The amended complaint must describe Plaintiffs' factual allegations and causes of action in separately numbered paragraphs. The amended complaint may not contain conclusory allegations; rather, it must allege specific facts to "establish the existence of specific actions by the defendants which have resulted in constitutional deprivations." *See Young*, 809 F. Supp. at 1198 (citing *Rizzo v. Goode*, 423 U.S. 362 (1976)). The allegations must clearly identify the time, place, conduct, and name of the person responsible for the offending acts. The amended complaint must include specific factual allegations to satisfy all the elements of each of the reasserted claims and to establish the personal involvement of each defendant.

V.    **CONCLUSION**

The Complaint fails to contain "a short and plain statement of the claim" showing an entitlement to relief. It also fails to allege sufficient facts to state any claim for relief. The Motion to Dismiss is granted. Because of the inadequacy of the pleadings, this Court is unable to determine whether leave to amend would be futile as to any claims under the Fourth and Fourteenth Amendments. Leave to amend would be futile, however, as to all remaining claims.

A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge